IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00222-BNB

ANDRE LEFFEBRE,

    Applicant,

v.

DAVID BERKEBILE, Warden, and
CHARLES E. SAMUELS, JR., Federal Bureau of Prisons Dir.,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Andre Leffebre, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Leffebre has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence in a criminal case in the United States District Court for the Southern District of Texas. On March 8, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Leffebre to show cause why the application should not be denied because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. On April 8, 2013, Mr. Leffebre filed his response to the show cause order. (*See* ECF No. 11.)

    The Court must construe the application and other papers filed by Mr. Leffebre liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Leffebre was convicted in the Southern District of Texas of possession of a firearm by a convicted felon and was sentenced to 293 months in prison to run consecutively to his pending state charge and any other sentence previously imposed. *See United States v. Leffebre*, 214 F. App'x 445, 446 (5th Cir. 2007) (per curiam).  The judgment of conviction and the sentence imposed were affirmed on direct appeal.  *See id.*  Mr. Leffebre also has filed a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction.  *See Leffebre v. United States*, No. 1:08-CV-635, 2011 WL 2433399 (E.D. Tex. June 16, 2011).

In the instant action, Mr. Leffebre again challenges the validity of his conviction and the sentence imposed in the Southern District of Texas.  He specifically claims in the application that there was insufficient evidence to demonstrate he possessed a weapon, the trial court abused its discretion by allowing prejudicial evidence of a prior conviction, he was subjected to a malicious prosecution, and the trial court lacked jurisdiction over him.  In his response to Magistrate Judge Boland's show cause order Mr. Leffebre also refers to a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  As relief he asks that the sentence imposed by the trial court be vacated.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw*

*v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Leffebre does not dispute, that his claims in this action challenge the validity of the conviction and sentence imposed in the Southern District of Texas. Therefore, the Court finds that Mr. Leffebre's claims must be raised in the Southern District of Texas in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Leffebre bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Leffebre's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings

clause [in § 2255(e)] and § 2241." *Id.*

Mr. Leffebre fails to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective. Although he argues in his response to Magistrate Judge Boland's show cause order that his claims challenging the validity of his conviction and sentence in the Southern District of Texas have merit, he fails to demonstrate that he could not raise those claims in an initial motion pursuant to § 2255. Mr. Leffebre does make one brief reference to the § 2255 motion he previously filed and he appears to allege that he was unaware at the time he filed the § 2255 motion that his sentence illegally was increased in violation of *Booker*. (*See* ECF No. 11 at 6.) However, even assuming Mr. Leffebre was unaware of the particular *Booker* claim he is raising in this action, the Court notes that he actually raised an argument pursuant to *Booker* on direct appeal. *See Leffebre*, 214 F. App'x at 446. Furthermore, Mr. Leffebre's alleged unawareness of a particular *Booker* claim does not demonstrate that the claim could not have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 589. Therefore, the Court finds that Mr. Leffebre has failed to satisfy his burden of demonstrating that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective. As a result, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, – F.3d –, 2013 WL 1397270 at *14 (10th Cir. Apr. 8, 2013).

Finally, the Court notes that Mr. Leffebre makes a reference to the common law writ of coram nobis in his response to Magistrate Judge Boland's show cause order. (*See* ECF No. 11 at 8-9.) Although the common law writ of coram nobis formally has been abolished by Rule 60(b) of the Federal Rules of Civil Procedure, there remains

some question as to whether a prisoner may seek a writ of coram nobis under the All Writs Act. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). Even assuming coram nobis relief remains available, Mr. Leffebre is not entitled to such relief because "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *Id*. at 1245. Furthermore, "[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings." *Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986). Therefore, "an action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there." *Id*. As discussed above, Mr. Leffebre fails to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective.

The instant action will be dismissed because Mr. Leffebre may not pursue his claims challenging the validity of his conviction and sentence in the District of Colorado in a habeas corpus action pursuant to § 2241 and he also is not entitled to a writ of coram nobis. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of   April        , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court